```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROMAN MORENO MARTINEZ and              :
FELIPE VARGAS,                         :       23 Civ. 10058 (GS)
                                       :
                                       :       ORDER APPROVING
                  Plaintiffs,          :         SETTLEMENT
                                       :
       - against -                     :
                                       :
KENNETH ROCKWOOD,                      :
                                       :
                  Defendant.           :
-------------------------------------------------------------X
```

**GARY STEIN, United States Magistrate Judge:**

  The Court is in receipt of the parties' fully executed settlement agreement (the "Settlement Agreement") and counsel's letter seeking approval thereof pursuant to *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015). (*See* Dkt. No. 30). After carefully reviewing the provisions of the Settlement Agreement, and based on my familiarity with the underlying dispute as a result of conducting a settlement conference with the parties on February 8, 2024, I find that the Settlement Agreement warrants approval under *Cheeks*.

  First, the economic terms of the Settlement Agreement, including the settlement amounts for each Plaintiff, the payment schedule, and Plaintiffs' remedies in the event of breach, are fair and reasonable. (*See* Dkt. No. 30-1 ¶¶ 1, 3-4). I reach this conclusion for the reasons set forth in counsel's letter (*see* Dkt. No. 30 at 1-3) and based on my own assessment of the totality of the circumstances and consideration of the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

  Second, I also find the non-economic terms of the Settlement Agreement to be fair and reasonable, including the release and non-disparagement clauses. (*See* Dkt. No. 30-1 ¶¶ 7, 8). Although the release of claims in Paragraph 7 is non-mutual, a non-mutual release has been

approved where, as here, the scope of the release given by the plaintiffs is limited to the wage-and-hour claims that were or could have been asserted in the action. *See, e.g.*, *Flores Galloso v. 3821 Food Corp.*, No. 20 Civ. 1940 (RA), 2021 WL 860343, at *2 (S.D.N.Y. Mar. 8, 2021); *Sanders v. CJS Sols. Grp.*, LLC, No. 17 Civ. 3809 (ER), 2018 WL 1116017, at *2 (S.D.N.Y. Feb. 28, 2018).

Third, Plaintiffs' *pro bono* counsel has agreed to refrain from accepting any award of attorney's fees for this case and the Settlement Agreement does not provide for a fee award. Plaintiffs' counsel will receive only $400 from the total settlement amount, representing the filing fee paid to commence this action. The amounts for attorney's fees and costs in the Settlement Agreement, therefore, are also fair and reasonable.

Accordingly, the Settlement Agreement is hereby **APPROVED**.

Consistent with the terms agreed upon at the February 8, 2024 settlement conference and reflected in the Settlement Agreement, this Court retains jurisdiction of this action until Defendant has completed meeting his obligations under Paragraph 1.b.ii of the Settlement Agreement. (*See* Dkt. No. 30-1 ¶ 5). As such, Plaintiffs' counsel is directed to inform the Court by letter as to whether Defendant has fully met his payment obligations by **Monday, November 18, 2024**.

**SO ORDERED.**

DATED:   New York, New York
         April 2, 2024

_____
GARY STEIN
United States Magistrate Judge