UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROMAN MORENO MARTINEZ and FELIPE VARGAS,

Plaintiffs,

- against -

KENNETH ROCKWOOD,

Defendant.

23 Civ. 10058 (GS)

ORDER

**GARY STEIN, United States Magistrate Judge:**

Plaintiffs Roman Moreno Martinez and Felipe Vargas ("Plaintiffs") move to enforce a settlement agreement they entered into with Defendant Kenneth Rockwood ("Defendant") to resolve this action. (Dkt. Nos. 38-39). The motion is unopposed. For the reasons set forth below, the Court finds that Defendant has breached the settlement agreement and Plaintiffs are entitled to entry of judgment.

**BACKGROUND**

Plaintiffs commenced this action on November 15, 2023, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL") § 190 *et seq*. (Dkt. No. 1). Plaintiffs were employed as porters by Defendant at Rockwood Music Hall, a music venue owned by Defendant on the Lower East Side of Manhattan. (*Id.* ¶¶ 2, 21). They allege, *inter alia*, that in June 2022, Defendant stopped paying them the wages they were due and continued to underpay, or fail to pay, them until June 2023. (*Id.* ¶¶ 4, 43-58). Rockwood Music Hall declared bankruptcy in March 2023. (*Id.* ¶ 8).

Plaintiffs estimated their unpaid wages and unpaid overtime at $74,438.46 and their total damages, including liquidated damages and pre-judgment interest, at $183,281.57. (Dkt. No. 30 at 2). Following a settlement conference with the undersigned in February 2024, the parties entered into a Settlement Agreement dated March 26, 2024 (the "Settlement Agreement"). (Dkt. No. 38-1, Declaration of Alice Davis ("Davis Decl."), Ex. A ("Settl. Agmt.")). Under the Settlement Agreement, Defendant agreed to pay Plaintiffs a total of $70,000 according to a schedule of payments. (Settl. Agmt. ¶ 1.a). Defendant was to pay $21,000 on or before April 13, 2024, followed by equal monthly payments thereafter of $7,000 each, beginning on May 15, 2024 and ending on November 15, 2024. (*Id.* ¶ 1.b).

As part of the Settlement Agreement, Defendant agreed to execute an Affidavit of Confession of Judgment in the amount of $120,000. (*Id.* ¶ 3). The Affidavit of Confession of Judgment, signed by Defendant and notarized, is attached to the Settlement Agreement ("Confession of Judgment"). (Davis Decl. Ex. B). In it, Defendant authorizes Plaintiffs to request entry of judgment against him in this Court in the sum of $120,000, less any payments made by him, should he breach his payment obligations under Paragraph 1 of the Settlement Agreement. (*Id.* ¶ 3).

The parties consented to my jurisdiction for all purposes (Dkt. No. 25) and, on March 27, 2024, moved for approval of the Settlement Agreement, pursuant to *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015). (Dkt. No. 30). By Order dated April 2, 2024, I approved the Settlement Agreement, finding its terms to be fair and reasonable. (Dkt. No. 31). In accordance with the Settlement

Agreement, the Court retained jurisdiction over this action until Defendant had completed his payment obligations. (*Id.* at 2). Plaintiffs' counsel was directed to inform the Court by November 18, 2024 as to whether Defendant had fully met his payment obligations. (*Id.*).

On November 15, 2024, Plaintiffs' counsel informed the Court that Defendant had not complied with the terms of the Settlement Agreement and sought a premotion conference in anticipation of filing a motion to enforce the Settlement Agreement. (Dkt. No. 36). A premotion conference was held with counsel for both Plaintiffs and Defendant on December 12, 2024. (Dkt. Entry dated Dec. 12, 2024). Plaintiffs filed the instant motion to enforce the Settlement Agreement on January 10, 2025. (Dkt. Nos. 38-39).

According to a Declaration from Plaintiffs' counsel, Defendant did not make the initial payment of $21,000 by April 13, 2024 as required by the Settlement Agreement. (Davis Decl. ¶ 7). Through counsel, he offered to pay $8,000 during the week of April 15th and the remaining $13,000 during the following week, and Plaintiffs' counsel agreed. (*Id.* ¶ 8 & Ex. C). On April 22, 2024, Plaintiffs' counsel received two checks totaling $8,000, which were deposited and cleared. (*Id.* ¶ 9). However, although Plaintiffs' counsel received three additional checks totaling $13,000 on April 30, 2024, only one of those checks—for $400, intended as reimbursement for Plaintiffs' counsel's costs—cleared. (*Id.* ¶¶ 10-11). The other two checks bounced. (*Id.* ¶¶ 11, 15).

Thereafter, Defendant failed to make the first of the $7,000 monthly installments payments when it was due on May 15, 2024. (*Id.* ¶ 13). Plaintiffs' counsel sent a letter to Defendant's counsel, pursuant to Paragraph 4 of the Settlement Agreement, providing notice of Defendant's breach and an opportunity to cure. (*Id.* ¶ 17 & Exs. D & E). Nonetheless, Defendant did not cure his default, and he also failed to make any of the other monthly installment payments. (*Id.* ¶ 18). To date, of the $70,000 in settlement payments required under the Settlement Agreement, Defendant has paid only $8,400. (*Id.* ¶¶ 16, 18).

Defendant, who so far as the docket reflects remains represented by counsel, has not submitted an opposition or any response to the instant motion.

## DISCUSSION

### A. Jurisdiction

Paragraph 5 of the Settlement Agreement expressly provides for this Court to retain jurisdiction over enforcement of the Agreement: "The parties consent to the continuing jurisdiction of the U.S. District Court for the Southern District of New York over the enforcement of the settlement agreement or, in the alternative, over the underlying claims." (Settl. Agmt. ¶ 5). The Court's Order approving the settlement expressly referenced this provision and stated that the Court "retains jurisdiction of this action until Defendant has completed meeting his [payment] obligations" under the Settlement Agreement. (Dkt. No. 31 at 2). This action remains pending before the Court as, despite the settlement, it was never

dismissed. (*See* Settl. Agmt. ¶ 7.c (requiring Plaintiffs to dismiss the action only "upon receipt of the final payment of the settlement described herein")).

Accordingly, there is no question that the Court has jurisdiction to rule on Plaintiffs' motion to enforce the Settlement Agreement. "A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Salto v. Alberto's Constr., LLC*, No. 17 Civ. 3583 (PED), 2020 WL 4383674, at *4 (S.D.N.Y. July 31, 2020) (enforcing settlement agreement in FLSA/NYLL case) (citations omitted); *see Meeting & Expositions Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974); *see also Kauhsen v. Aventura Motors, Inc.*, No. 09 Civ. 4114 (DRH), 2012 WL 2789647, at *3-4 (E.D.N.Y. July 9, 2012) (exercising jurisdiction to enforce settlement agreement, "[t]his case having not been dismissed," and further noting that exercising jurisdiction was "in accord with the parties' intent" as expressed in agreement's consent-to-jurisdiction clause).

**B. Breach**

"A settlement, once reached, is a binding contract, which is interpreted according to the principles of contract law." *Febus v. Guardian First Funding Grp., LLC*, 90 F. Supp. 3d 240, 245 (S.D.N.Y. 2015). "Settlement agreements receive a 'presumption in favor of enforcement' and will not be disturbed by a 'change of heart' of one of the parties." *Id.* (quoting *Renaissance Search Partners v. Renaissance Ltd., LLC*, No. 12 Civ. 5638 (DLC) (SN), 2013 WL 6839039, at *2-3 (S.D.N.Y. Oct. 15, 2013)).

The Settlement Agreement is a binding and enforceable agreement, supported by consideration, duly executed by Plaintiffs and Defendant, and subsequently approved by the Court. (Settl. Agmt. at 2, 14-16; Dkt. No. 31). Paragraph 1 of the Agreement imposes unambiguous obligations on Defendant to make settlement payments in defined amounts and on specified dates. (Settl. Agmt. ¶ 1). The uncontroverted evidence before the Court establishes that Defendant failed to make payments as required under Paragraph 1 and has paid only $8,400 of the $70,000 he was contractually obligated to pay by November 15, 2024. (Davis Decl. ¶¶ 10-11, 15-16, 18).

There is no evidence (or allegation) that Plaintiffs have failed to perform any of their obligations under the Settlement Agreement. Further, Plaintiffs provided Defendant with written notice of breach and an opportunity to cure in May 2024 in accordance with Paragraph 4.a of the Settlement Agreement. (*Id.* ¶ 17 & Exs. D & E; *see* Settl. Agmt. ¶ 4.a).[1] Under Paragraph 4.a, Defendant had 21 days to cure his breach. (Settl. Agmt. ¶ 4.a). He did not do so and still has not done so.

Accordingly, the Court finds that Defendant is in breach of his payment obligations under both Paragraph 1.a and Paragraph 1.b of the Settlement Agreement. *See Febus*, 90 F. Supp. 3d at 248 (finding defendant in breach of his

[1] To the extent Defendant breached his obligation to make the full initial installment payment of $21,000 under Paragraph 1.a, Plaintiffs were not required to give him notice of breach and an opportunity to cure. (Settl. Agmt. ¶ 4.a ("the First Installment must be paid per the schedule set forth in Paragraph 1, and there is no requirement that Plaintiffs provide notice of breach and an opportunity to cure")). Nevertheless, Plaintiffs did so, first by agreeing to allow Defendant to make the first payment later in April 2024 (Davis Decl. ¶ 8 & Ex. C) and then by including this payment in their notice of breach letter sent in May 2024 (*Id.* Exs. D & E).

obligations to make payments under Settlement Agreement resolving FLSA and NYLL claims).

**C. Remedy**

Plaintiffs seek entry of judgment pursuant to Paragraph 4.b of the Settlement Agreement, which provides:

> If Defendant fails to cure the breach, all of the unpaid portion of the Total Settlement Amount shall be immediately accelerated and due, and Plaintiffs will be entitled to pursue all remedies available for breach, including but not limited to first filing the affidavit of confession of judgment (in the amount of $120,000.00 less payment(s)[] remitted prior to the date of entry of judgment[)] in the U.S. District Court for the Southern District of New York and seeking to enforce the terms of the settlement, including any judgment entered in the U.S. District Court for the Southern District of New York.

(Settl. Agmt. ¶ 4.a). As Defendant has remitted payments of $8,400, Plaintiffs seek entry of judgment in the amount of $111,600 ($120,000 minus $8,400). (Dkt. No. 39 at 5).

"Confessions of judgment are often used to facilitate payment of debt in settlement of a lawsuit, as they 'allow[] a creditor to avoid formal, lengthy, and expensive legal proceedings in order to collect from his debtor.'" *Febus*, 90 F. Supp. 3d at 248 (quoting *Alland v. Consumers Credit Corp.*, 476 F.2d 951, 957 (2d Cir. 1973)). Although judgment by confession "is a product of state law, having no analog in the federal rules," *Bellridge Cap., LP v. EVMo, Inc.*, No. 21 Civ. 7091 (PGG), 2023 WL 8622250, at *3 (S.D.N.Y. Dec. 12, 2023) (citation omitted), a federal court "has the power to enter a confession of judgment where subject matter jurisdiction exists and the confession of judgment was made knowingly and

voluntarily." *Sapon v. Hanbat Rest., Inc.*, No. 18 Civ. 11457 (SLC), 2021 WL 621170, at *1 (S.D.N.Y. Feb. 16, 2021) (citation omitted).

Here, this Court has subject matter jurisdiction over the action. There is no indication that Defendant, who was represented by counsel in this action and in connection with the settlement, did not sign the Confession of Judgment knowingly and voluntarily. The Confession of Judgment recites that Defendant is a resident of New York, New York (Davis Decl. Ex. B ¶ 2) and it complies with the requirements of CPLR § 3218(a). *See Sapon*, 2021 WL 621170, at *2 (entering judgment after defendants defaulted on payments due under FLSA/NYLL settlement agreement upon finding that "the Confession of Judgment contains the information required by CPLR § 3218(a)").

The Court notes that the judgment sought by Plaintiffs pursuant to the Confession of Judgment is $50,000, or some 45%, more than the amount of Defendant's outstanding payments due under the Settlement Agreement ($61,600). But that circumstance does not render the Confession of Judgment unenforceable. The Confession of Judgment was part of a compromise in which Plaintiffs agreed to accept less than the amount of damages they could have recovered had the case proceeded to trial and to allow Defendant to make installment payments over time. Courts have enforced similar provisions in FLSA/NYLL settlements. *See Febus*, 90 F. Supp. 3d at 248-49 (finding "binding and enforceable" settlement provision requiring defendants to confess judgment "in the amount of 30% more than their share of the total settlement"); *Gonzalez v. Trees R US Inc.*, No. 14 Civ. 7487 (AKT),

2021 WL 7283081, at *3 (E.D.N.Y. Mar. 31, 2021) (rejecting defendants' argument that confession of judgment, which entitled plaintiffs to recover approximately 2.16 times the unpaid settlement consideration, was "unenforceable because it would impose a penalty disproportionate to the actual amount of damages").

The Court therefore concludes that Plaintiffs are entitled to entry of judgment, in accordance with the Settlement Agreement and the Confession of Judgment, in the amount of $111,600.00.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for enforcement of the Settlement Agreement is **GRANTED**. The Clerk of Court is respectfully requested to enter Judgment in favor of Plaintiffs in the amount of $111,600.00.

**SO ORDERED.**

DATED: New York, New York
February 11, 2025

GARY STEIN
United States Magistrate Judge